**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSE LOUIS RAMOS VARGAS,

                Petitioner,

vs.                              Case No.:    3:14-cv-1282-J-34JBT
                                                            3:11-cr-155-J-34JBT

UNITED STATES OF AMERICA,

                Respondent.
_____/

## ORDER

       This case is before the Court on Petitioner Jose Louis Ramos Vargas's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 12, Amended Motion to Vacate).[1]  The United States has responded.  (Doc. 19, Amended Response).  In Ground Three, Vargas asserts that his sentence under the Armed Career Criminal Act (ACCA) is unlawful in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the ACCA's "residual clause" is unconstitutionally vague.  The United States concedes Ground Three and agrees that Vargas was unlawfully sentenced under the ACCA, where one of the ACCA predicate offenses was attempted burglary.  Amended Response at 1-3.  However, the United States maintains that the first two grounds of the Amended Motion to Vacate, which allege ineffective assistance of counsel in relation to Vargas receiving an ACCA sentence, lack merit.  Id.

---

[1]     Citations to the record in the underlying criminal case, United States of America vs. Jose Louis Ramos Vargas, Case No. 3:11-cr-155-J-34JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:14-cv-1282-J-34JBT, will be denoted as "Doc. __."

In light of the United States' concession, the Court asked Vargas whether he wished to abandon Grounds One and Two, considering that the remedy if Vargas succeeded on those two grounds, i.e., resentencing without application of the ACCA, did not appear to be any greater than the remedy Vargas would receive under Ground Three. Initially, Vargas responded that he would not abandon Grounds One and Two.  (Doc. 22, Reply).  The Court convened a telephonic status conference on August 16, 2016 to clarify Vargas's position.  (See Doc. 23, Order Scheduling Status Conference; Doc. 25, Minute Entry).  During the conference, the United States confirmed that it conceded Ground Three, and that Johnson entitled Vargas to be resentenced without the ACCA.  Vargas, represented by counsel, stated that he wished to proceed to resentencing and made an ore tenus motion to abandon Grounds One and Two.  (See Doc. 24, Oral Motion to Withdraw Grounds One and Two).

In light of the foregoing, the Court will grant the ore tenus motion to withdraw Grounds One and Two, and will grant the Amended Motion to Vacate as to Ground Three. In consideration of the record, the Court agrees that sentencing Vargas as an "armed career criminal" on the basis of a statutory provision that the Supreme Court has deemed to be unconstitutionally vague was "in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  As such, the Amended Motion to Vacate is due to be granted to the extent that the Court will vacate Vargas's ACCA sentence.  The Court will re-sentence Vargas without applying the ACCA's 15-year mandatory minimum.  For the purpose of re-sentencing, the Court will extend the appointment of counsel, and thereafter conduct a new sentencing hearing.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Jose Louis Ramos Vargas's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 12) is **GRANTED** as to Ground Three to the extent Vargas challenges his sentence under the ACCA.

2. Vargas's <u>ore</u> <u>tenus</u> motion to withdraw Grounds One and Two of the Amended Motion to Vacate (Doc. 24) is **GRANTED**.

3. In short order, the Court will:

    a. Enter an order in the related criminal case vacating the original judgment and sentence;

    b. Extend the appointment of counsel for Vargas through re-sentencing; and

    c. Set a schedule for sentencing memoranda and a re-sentencing hearing.

4. This Order does not affect Vargas's adjudication of guilt on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (<u>See</u> Crim. Doc. 37, Acceptance of Guilty Plea).

5. The Clerk of Court is directed to enter judgment in favor of Vargas to the extent that his sentence is vacated.  The Clerk of Court is further directed to terminate all pending motions as moot and close the file.

    **DONE AND ORDERED** at Jacksonville, Florida this 17th day of August, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Counsel of record
Petitioner Jose Louis Ramos Vargas